## COBB v. STATE. (No. 9106.)

(Court of Criminal Appeals of Texas. Nov. 11, 1925.)

On Motion for Rehearing.

1. **Criminal law ☞663—Introduction of any or all equipment found in possession of defendant unnecessary.**

In prosecution for possession of equipment for manufacture of intoxicating liquor, it was not necessary to physically introduce in evidence any or all equipment found in possession of defendant, and it is no objection to introduction of part that all was not produced.

2. **Intoxicating liquors ☞209—Itemized statement of equipment for manufacture of liquor not necessary to validity of indictment.**

In prosecution for possession of equipment for manufacture of liquor, an itemized statement of articles constituting such equipment was not necessary to validity of indictment.

3. **Intoxicating liquors ☞223(1)—Proof that articles found were sufficient to manufacture liquor held to make case, and requested charge as to proof of articles named in indictment properly refused.**

In prosecution for possession of equipment for manufacture of liquor, proof that articles found in defendant's possession were sufficient to manufacture liquor is sufficient to make out case, and refusal of special charge to acquit, if any single article named in indictment, but shown to be unnecessary to manufacture, was not shown in proof, was proper.

Appeal from District Court, Van Zandt County.

On motion for rehearing. Motion overruled.

For former opinion, see 274 S. W. 153.

LATTIMORE, J. Responding to appellant's motion, we observe:

[1] 1. It was not necessary for the state to physically introduce in evidence any or all of the equipment found in the possession of appellant. If for any reason the state offered to or did introduce a part of same, then it was no valid objection that all was not produced.

[2, 3] 2. The charge being that appellant possessed equipment for the manufacture of intoxicating liquor, an itemized statement of the various articles constituting such equipment was not necessary to the validity of the indictment; and, if the proof shows that the articles found in appellant's possession were sufficient for the purpose of manufacturing such liquor, the case was made out, and the refusal of the special charge seeking to have the jury instructed to acquit, if any single article named in the indictment, but shown to be unnecessary to the manufacture, was not shown in the proof, was proper.

3. Two witnesses swore positively that the stove, boiler, with cap on it, the metal tube, the barrels, and the trough found in appellant's possession were such equipment as would suffice for the manufacture of intoxicating liquor.

4. The jury's verdict was in accord with the testimony.

The motion for rehearing will be overruled.